11-5097-cr
United States of America v. Cory Ketcham

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

     At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 4th day of January, two thousand thirteen.

Present:     ROBERT A. KATZMANN,
             BARRINGTON D. PARKER,
             RICHARD C. WESLEY,
                      *Circuit Judges.*
_____

UNITED STATES OF AMERICA

                    *Appellee*,


                    - v -                          No. 11-5097-cr

CORY J. KETCHAM,

                    *Defendant-Appellant.*
_____

For Appellee:              Lisa M. Fletcher, Assistant United States Attorney, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, New York, N.Y.

For Defendant-Appellant:   Lisa A. Peebles and James P. Egan, Syracuse, N.Y.

Appeal from the United States District Court for the Northern District of New York (Suddaby, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,**

and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant-Appellant Cory Ketcham appeals from a November 21, 2011, judgment of the United States District Court for the Northern District of New York (Suddaby, *J.*), entered following the defendant's plea of guilty, sentencing him principally to sixty years of imprisonment and a life term of supervised release. We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review a district court's sentencing decision for unreasonableness under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). Employing that standard, we "must first ensure that the district court committed no significant procedural error . . . [and] then consider the substantive reasonableness of the sentence imposed." *Id.* Ketcham contends that the district court erred both procedurally and substantively.

Ketcham argues that the district court committed procedural error because it failed to apply U.S.S.G § 5G1.2(d)[1] when calculating his Guidelines range, resulting in a Guidelines range of lifetime imprisonment instead of ninety years of imprisonment. Because Ketcham did not object below to the court's failure to apply the correct section of the Sentencing Guidelines, we apply plain error review. *United States v. Wagner-Dano*, 679 F.3d 83, 88 (2d Cir. 2012). Ketcham must demonstrate that: "(1) there is an error; (2) the error is clear or obvious, rather

---

[1] Ketcham has misidentified the relevant Guidelines section at U.S.S.G. § 5G1.1(a), which applies where a defendant is sentenced on a single count of conviction. United States Sentencing Guidelines Section 5G1.2 applies where, as here, a defendant is sentenced on multiple counts of conviction.

than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 130 S. Ct. 2159, 2164 (2010) (internal quotation marks omitted).

We turn directly to the latter two requirements. Ketcham has not and cannot demonstrate that any error affected his substantial rights. To do so, Ketcham must show that the error was "'prejudicial,' which means that there must be a reasonable probability that the error affected the outcome of the [proceeding]." *Id.* "[I]t is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice," *United States v. Olano*, 507 U.S. 725, 734 (1993), and Ketcham cannot carry that burden. Ketcham was thirty-seven at the time of sentencing. Consequently, there is no "reasonable probability" that the difference between a ninety-year and a lifetime Guidelines sentence affected the final sentence imposed by the district court. *See Marcus*, 130 S. Ct. at 2164 (rejecting a standard finding plain error whenever there is "any possibility, *no matter how unlikely*," that the error affected the outcome of the proceeding).

Relatedly, Ketcham has not demonstrated that any error seriously affected the integrity, fairness, or reputation of judicial proceedings. The Supreme Court has "suggested that, in most circumstances, an error that does not affect the [outcome] does not significantly impugn the 'fairness,' 'integrity,' or 'public reputation' of the judicial process." *Id.* at 2166. "Given the tiny risk" that the difference between a ninety-year and a lifetime Guidelines sentence affected the ultimate sentence imposed on Ketcham, "a refusal to recognize such an error as a 'plain error' (and to set aside the [sentence]) is most unlikely to cast serious doubt on the 'fairness,' 'integrity,' or 'public reputation' of the judicial system." *Id.*

3

Ketcham has not demonstrated that the district court committed plain error when it miscalculated his sentence pursuant to the United States Sentencing Guidelines. Consequently, his claim of procedural error fails.

Ketcham also contends that his sentence was substantively unreasonable. "At the substantive stage of reasonableness review, an appellate court may consider whether a factor relied on by a sentencing court can bear the weight assigned to it." *United States v. Cavera*, 550 F.3d 180, 191 (2d Cir. 2008) (en banc). However, "we do not consider what weight we would ourselves have given a particular factor. Rather, we consider whether the factor, as explained by the district court, can bear the weight assigned it under the totality of circumstances in the case." *Id.* (citation omitted). Review for substantive unreasonableness "provide[s] a backstop for those few cases that, although procedurally correct, would nonetheless damage the administration of justice because the standard imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009). None of the three arguments that Ketcham raises in support of the proposition that the sentence imposed was substantively unreasonable establishes that this is one of those few cases.

First, Ketcham contends that the district court did not take into account his state court sentence for predatory sex assault against a child less than thirteen years old. At Ketcham's sentencing, defense counsel informed the district court that Ketcham was likely to be sentenced to eighteen years to life for his state conviction. Ketcham argues that because he never distributed the child pornography produced, the harm he caused was limited to that inflicted on his daughter due to the sexual abuse. Ketcham contends that his federal sentence should have been reduced to reflect the anticipated state sentence for the sexual abuse. However, assuming

4

that the district court was required to consider a still-undecided state sentence, Ketcham has not demonstrated that the district court did not take his state court conviction into consideration. "[T]he law in this circuit is well established that, in the absence of record evidence suggesting otherwise, we presume that a sentencing judge has faithfully discharged her duty to consider the statutory factors." *United States v. Verkhoglyad*, 516 F.3d 122, 129 (2d Cir. 2008) (internal quotation marks omitted). Ketcham points to no such record evidence here.

Second, Ketcham contends that the district court placed too much significance on his receipt, possession, and distribution of child pornography. He argues that "[b]y concentrating on facts never admitted to by Ketcham, or found beyond a reasonable doubt by a jury, the court committed substantive error." Brief for Defendant-Appellant Cory Ketcham at 17. However, Ketcham admitted to his long-term engagement in collecting, possessing, and distributing child pornography when he pleaded guilty. He also waived any objection to these facts, which were contained in the presentence report, by failing to object at the time of sentencing. *United States v. Jass*, 569 F.3d 47, 66 (2d Cir. 2009). Moreover, although the objected-to facts were not found beyond a reasonable doubt by a jury, district courts have the "authority to determine sentencing factors by a preponderance of the evidence." *United States v. Vaughn*, 430 F.3d 518, 525 (2d Cir. 2005). That the district court did so here was not an abuse of discretion.

Finally, Ketcham contends that the district court exaggerated the threat that he posed to the community. Ketcham argues that the sex offender treatment he will receive while in prison, together with the conditions of his supervised release, will eliminate any risk that he poses to his daughter or other children as either an abuser or a recipient and distributor of child pornography. While these measures may mitigate the danger that Ketcham poses to the community, it was not

unreasonable of the district court to find that he still posed some danger. Moreover, the danger posed by Ketcham to the community was but one of multiple factors considered by the district court, and nothing in the record indicates that the district court afforded this factor undue weight. *See Cavera*, 550 F.3d at 191 ("[W]e do not consider what weight we would ourselves have given a particular factor. Rather, we consider whether the factor, as explained by the district court, can bear the weight assigned it under the totality of circumstances in the case." (citation omitted)).

We have considered Ketcham's remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

6