14-501-cr
United States v. McGowan

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of June, two thousand fifteen.

PRESENT:  RALPH K. WINTER,
          PIERRE N. LEVAL,
          REENA RAGGI,
                    *Circuit Judges*.
------------------------------------------------------------------------
UNITED STATES OF AMERICA,
                    *Appellee*,


          v.                                        No. 14-501-cr

MICHAEL J. McGOWAN,
                    *Defendant-Appellant*,

------------------------------------------------------------------------

FOR APPELLANT:              James I. Glasser, Wiggin and Dana LLP, New Haven, Connecticut.

FOR APPELLEE:               Emily Berger, Allen L. Bode, Assistant United States Attorneys, *for* Kelly T. Currie, Acting United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Sandra J. Feuerstein, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on February 6, 2014, is AFFIRMED.

Defendant Michael McGowan stands convicted after guilty pleas to three counts of sexual exploitation of children based on his abuse of three minors ages 10 to 13, which he recorded. See 18 U.S.C. § 2251(a), (d). McGowan was sentenced to consecutive, statutory-maximum prison terms of 360 months on each count, to follow an undischarged 240-month term imposed by the same judge in 2006, after McGowan's guilty plea to attempted receipt of child pornography. See 18 U.S.C. § 2252A(a)(2)(A). On appeal, McGowan argues that (1) his sentence is both procedurally and substantively unreasonable, (2) counsel provided ineffective assistance by failing to seek a three-level reduction of his Guidelines offense level for acceptance of responsibility, and (3) the case should be remanded to a different judge for resentencing. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Reasonableness Challenge to Sentence

We review a challenged sentence for "'reasonableness,' 'a particularly deferential form of abuse-of-discretion review' that we apply both to the procedures used to arrive at the sentence (procedural reasonableness) and to the length of the sentence (substantive reasonableness)." United States v. Broxmeyer, 699 F.3d 265, 278 (2d Cir. 2012) (quoting United States v. Cavera, 550 F.3d 180, 188 & n.5 (2d Cir. 2008) (en banc)).

2

a. <u>Procedural Reasonableness</u>

McGowan argues that the district court committed procedural error by failing to (1) calculate his Guidelines range correctly; (2) rule on a specific concurrency application; (3) consider all the 18 U.S.C. § 3553(a) factors, including the parsimony clause; and (4) explain the reasons for its sentence. Because McGowan raised none of these issues to the district court, we review for plain error, <u>see</u> <u>United States v. Villafuerte</u>, 502 F.3d 204, 207 (2d Cir. 2007), a standard requiring (1) error, (2) that is clear or obvious, (3) affecting substantial rights, and (4) calling into question the fairness, integrity, or public reputation of judicial proceedings, <u>see</u> <u>United States v. Marcus</u>, 560 U.S. 258, 262 (2010). We identify no such error.

<u>First</u>, the Government concedes Guidelines calculation error insofar as the district court identified a Guidelines "range" of life imprisonment, which was greater than the 90-year statutory maximum. <u>See</u> <u>United States v. Dorvee</u>, 616 F.3d 174, 180–81 (2d Cir. 2010); <u>see also</u> U.S.S.G. § 5G1.2(d). But given that McGowan was 40 years old when sentenced, he cannot show that the error affected either his substantial rights or the fairness and public reputation of judicial proceedings. <u>See</u> <u>United States v. Marcus</u>, 560 U.S. at 262 (stating that error must be "prejudicial" to affect substantial rights, meaning "there must be a reasonable probability that the error affected the outcome" of the proceeding); <u>see also</u> <u>id.</u> at 266.[1]

---

[1] We have already made this point summarily in other cases presenting similar procedural error. <u>See, e.g.</u>, <u>United States v. Ketcham</u>, 507 F. App'x 42, 44 (2d Cir. 2013) (summary order).

3

Second, in exercising its discretion to impose a sentence "concurrently, partially concurrently, or consecutively," U.S.S.G. § 5G1.3(d), a district judge is under no obligation to make individualized findings. See United States v. Velasquez, 136 F.3d 921, 924 (2d Cir. 1998); United States v. Margiotti, 85 F.3d 100, 105 (2d Cir. 1996). Moreover, "we never have required a District Court to make specific responses to points argued by counsel in connection with sentencing." United States v. Wagner-Dano, 679 F.3d 83, 89 (2d Cir. 2012). Thus, we identify no error in the district court's imposition of consecutive sentences without specifically ruling on a request for concurrency. In any event, McGowan does not explain how the district court erred in its application of U.S.S.G. § 5G1.3(d), or how any such error affected his substantial rights. He thus fails to demonstrate plain error.

Third, McGowan's claims that the district court failed to consider § 3553(a) factors or to explain its sentence are belied by the record. It shows that the district court expressly stated that it had "taken into account all of the submissions, [the] comments made here today, and particularly the 3553 factors," and that the sentence imposed was necessary "to afford adequate punishment for the crimes committed," general deterrence to the public, and specific deterrence to McGowan, "who . . . despite his protestations to the contrary . . . has shown no inclination to no longer engage in this type of behavior." App. 216; see id. (further noting that sentence afforded protection "from further crimes by this defendant"). Even if the district court "might have said more," Rita v. United States, 551 U.S. 338, 359 (2007), its statements sufficed under our precedent, see, e.g., United States v. Fernandez, 443 F.3d 19, 30 (2d Cir. 2006) (presuming, in "absence of

4

record evidence suggesting otherwise, that a sentencing judge has faithfully discharged her duty to consider the statutory factors . . . , and we will not conclude that a district judge shirked her obligation to consider the § 3553(a) factors simply because she did not discuss each one individually or did not expressly parse or address every argument relating to those factors that the defendant advanced."); see also United States v. Ministro-Tapia, 470 F.3d 137, 142 (2d Cir. 2006) (requiring clear showing of district court's belief that "lower sentence would be equally effective in advancing the purposes set forth in § 3553(a)(2)" before holding sentence invalid under parsimony clause).

Accordingly, we identify no plain error in the procedures used to arrive at the challenged sentence.

b. Substantive Reasonableness

McGowan argues that his 90-year sentence is substantively unreasonable because other child sex offenders—whom McGowan characterizes as "significantly worse"—have received lower sentences. Appellant's Br. 37. Where, as here, the district court explicitly considered such an argument in imposing sentence, we will not second guess the weight it assigns to it "as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." United States v. Fernandez, 443 F.3d at 32 (recognizing that "weight to be afforded any given argument made pursuant to one of the § 3553(a) factors is a matter firmly committed to the discretion of the sentencing judge" and generally is beyond appellate review); see United States v. Cavera, 550 F.3d at 189 (stating that district court's substantive sentencing determination will be set aside only in exceptional cases where the trial court's decision "cannot be located

5

within the range of permissible decisions" (internal quotation marks omitted)); United States v. Jones, 531 F.3d 163, 174 (2d Cir. 2008) (recognizing that broad range of sentences can be reasonable in particular case). Here, the record reveals that McGowan, a former federal air marshal, himself sexually abused three minor children between the ages of 10 and 13; recorded and retained dozens of images of that abuse; amassed a collection of more than 1,000 additional images of child pornography, including images of children as young as 5; and, from prison, solicited victims' assistance in destroying evidence of these crimes and in securing a victim's recantation of statements inculpating McGowan in child sexual abuse. Under these circumstances, we cannot conclude that the challenged sentence was so shocking as to be "unsupportable as a matter of law." United States v. Rigas, 583 F.3d 108, 123 (2d Cir. 2009). Accordingly, McGowan's challenge to the reasonableness of his sentence fails on the merits.

2. Ineffective Assistance of Counsel

McGowan faults his counsel for failing to seek a mitigation adjustment of his offense level for acceptance of responsibility. Although we generally prefer that ineffective assistance claims be raised under 28 U.S.C. § 2255, see Massaro v. United States, 538 U.S. 500, 504 (2003), we conclude that McGowan's claim is properly addressed on direct appeal because no development of the record is necessary to conclude that the alleged omission fails to satisfy the prejudice requirement of Strickland v. Washington, 466 U.S. 668, 690, 694 (1984). See United States v. Wellington, 417 F.3d 284, 288 (2d Cir. 2005) (denying ineffective assistance claim on direct review). As already noted, McGowan endeavored to obstruct justice, see U.S.S.G. § 3C1.1 cmt. n.4,

6

conduct precluding acceptance of responsibility credit in the absence of "extraordinary" circumstances, U.S.S.G. § 3E1.1 cmt. n.4. McGowan having failed to demonstrate such circumstances here, we reject his ineffective assistance claim as meritless.

3.    Conclusion

We have considered McGowan's remaining arguments, and we conclude that they are without merit.[2]    Accordingly, the judgment of conviction and sentence is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[2] Because we affirm the challenged sentence, McGowan's request that his case be transferred to a different district judge on remand is moot.

7