16-2781-cr
United States of America v. Ralph Daniel Smith

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 5th day of September, two thousand seventeen.

Present:     ROSEMARY S. POOLER,
             GERARD E. LYNCH,
                     *Circuit Judges*.
             BRIAN M. COGAN,
                     *District Judge*.[1]

_____

UNITED STATES OF AMERICA,

            *Appellee*,

            v.                                              16-2781-cr

RALPH DANIEL SMITH, AKA DAN SMITHSON,

            *Defendant - Appellant*.

_____

Appearing for Appellant:        Daniel DeMaria, Merchant Law Group LLP, New York, NY.

Appearing for Appellee:         Rajit S. Dosanjh, Assistant United States Attorney (Lisa M. Fletcher, Assistant United States Attorney, *on the brief*), *for* Grant C. Jaquith, Acting United States Attorney for the Northern District of New York, Syracuse, NY.

_____

[1] Judge Brian M. Cogan, United States District Court for the Eastern District of New York, sitting by designation.

Appeal from the United States District Court for the Northern District of New York (Sannes, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendant-appellant Ralph Daniel Smith appeals from a sentence of 240 months' imprisonment and a life term of supervised release, imposed by the United States District Court for the Northern District of New York (Sannes, *J.*). Smith pled guilty to violating a number of statutes related to child pornography and child exploitation, including 18 U.S.C. §§ 2251(a), (e); 2252A(a)(2)(A), (b)(1); and 1470. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

1. **Substantive Reasonableness of Incarceration Term**

We review sentencing decisions for "reasonableness." *United States v. Cossey*, 632 F.3d 82, 86 (2d Cir. 2011) (internal quotation marks omitted). "Reasonableness review has both a procedural and a substantive component," *United States v. Irving*, 554 F.3d 64, 71 (2d Cir. 2009), and it is "akin to a 'deferential abuse-of-discretion standard,'" *Cossey*, 632 F.3d at 86 (quoting *Gall v. United States*, 552 U.S. 38, 52 (2007)).

"[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. *Gall*, 552 U.S. at 49. "Regardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court must review the sentence under an abuse-of-discretion standard." *Id.* at 51. The appellate court must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Id.*

At the substantive reasonableness stage, we ask whether "the trial court's sentence can[] be located within the range of permissible decisions." *United States v. Dorvee*, 616 F.3d 174, 179 (2d Cir. 2010) (internal quotation marks omitted). Particularly with respect to the child pornography guidelines, we do not presume that a within-Guidelines sentence "[is] reasonable when we review [it] substantively." *Id.* at 183. We have "likened our substantive review to the consideration of a motion for a new criminal jury trial, which should be granted only when the jury's verdict was 'manifestly unjust,' and to the determination of intentional torts by state actors, which should be found only if the alleged tort 'shocks the conscience.'" *Id.*

Smith was convicted of violating, among other statutes, 18 U.S.C. § 2251(a), "sexual exploitation of children." For a first-time offender, this statute prescribes a *minimum* sentence of 15 years. *See* 18 U.S.C. § 2251(e). Smith was also convicted of several child pornography offenses, and as noted in *United States v. Brown*, "[i]n 2010—the most recent year for which data is available—the average sentence for production of child pornography was 267.1 months, or approximately 22 years." 843 F.3d 74, 92 (2d Cir. 2016) (Pooler, *J.*, dissenting).

Given that Smith engaged in sexual conduct with his own daughter, aggravated by extreme psychological abuse, and that his sentence is only five years above the statutory minimum and a few years below the average sentence for this type of offense, we do not agree that the sentence is substantively unreasonable. Smith relies heavily on *United States v. Jenkins*, 854 F.3d 181 (2d Cir. 2017), and *Dorvee*, but in those cases, the defendants neither touched the victims nor were charged with a production offense, thus differing significantly from the circumstances here. We therefore reject Smith's substantive reasonableness challenge as to his term of imprisonment.

## 2. Reasonableness of Lifetime Supervised Release

Smith argues that the district court failed to explain sufficiently why he received a life term of supervised release. "[F]ailing to adequately explain the chosen sentence" is a species of procedural error.[2] *Gall*, 552 U.S. at 51. Although Judge Sannes explained in detail her reasoning for imposing the sentence she ultimately reached, Smith asks us to view that reasoning as only explaining the imprisonment component of the sentence, leaving the supervised release component without any support. We reject this argument.

Section 3553(c) states that "[t]he court, at the time of sentencing, shall state in open court the reasons for its imposition *of the particular sentence*." 18 U.S.C. § 3553(c) (emphasis added). Nowhere does the statute break apart the sentence into constituent parts and task the district court with supporting each part. Rather, sentencing is a holistic analysis, and here, there can be no doubt that the district court considered all of the § 3553(a) factors, including the nature of the offense, the need for treatment, and the characteristics of the defendant, in arriving at its "chosen sentence," consisting of an incarceration term and a supervised release term. *See United States v. Cavera*, 550 F.3d 180, 192-93 (2d Cir. 2008). The district court viewed the life term of supervised release as an integral part of its overall sentence, explaining in open court that "the facts and circumstances of this case warrant a lengthy term of imprisonment after which the defendant will be subject to a life term of supervised release, thereby reducing the likelihood that he will commit further crimes." App'x 49. Therefore, we also reject Smith's reasonableness challenge as to his life term of supervised release.

---

[2] The government claims that Smith waived this argument below because he argued for a lifetime term of supervised release in return for a below-guidelines sentence. But Smith's counsel emphasized that lifetime supervised release would be appropriate if the district court imposed a *fifteen-year* sentence, not *any* below-guidelines sentence. The government's argument is particularly implausible because the guidelines recommendation for Smith was 240 years' imprisonment; surely Smith's attorney did not argue that lifetime supervised release was a fair trade for a below-guidelines sentence of (for example) 239 years.

We have considered the remainder of the appellant's arguments and find them to be without merit.  Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4