Dennis Jacobs, Circuit Judge, dissenting:
I respectfully dissent.
The law of the case is that a 30-year sentence is substantively unreasonable. Although Sawyer argues now, after remand, that 25 years is also substantively unreasonable, the single issue on this appeal is the district court's compliance (or not) with the mandate of our summary order.
In terms, the mandate directed the court to re-sentence after reconsideration of Sawyer's horrible upbringing and his potential danger to the community. At resentencing, the district judge concluded in effect that Sawyer's horrible upbringing had so warped his psyche that he fails to grasp the difference between sex between adults and sex with a child-from which the district judge drew the available inference that Sawyer is likely to remain a threat to the community for a long long time. The district judge thus registered disagreement with our summary order, but nevertheless reduced the sentence by 60 months to reflect his rehabilitation in prison, a reduction that is undoubtedly substantial.
I would affirm for the following reasons:
1. It is not unheard of for a district judge to disagree with an appellate ruling. But it is not necessary that a district judge should agree with an appellate ruling, or endorse it. The mandate rule "compels compliance on remand with the dictates of *565 the superior court," not endorsement. United States v. Ben Zvi , 242 F.3d 89, 95 (2d Cir. 2001). We ordered a substantial sentence reduction; it was reduced; it was reduced substantially; and the majority opinion is unwilling to find it substantively unreasonable.
2. The district judge's decision to reduce the sentence on a stated ground other than the ones specified in our mandate was arrived at after weighing the two variables we identified-upbringing and dangerousness-and after finding that the one intensifies the other. I take this to be compliance; it is conscientious and thorough, albeit (in my view) wrong. An appellate mandate to resentence forecloses reconsideration of the merits of the conviction but does not foreclose a de novo balancing of the discretionary factors. See United States v. Cavera , 550 F.3d 180, 188, 196 (2d Cir. 2008) (en banc); Gall v. United States , 552 U.S. 38, 50, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007) ; see also Resentencing Tr. at 11-12.
Moreover, this sentence reduction for rehabilitation does reflect (implicitly) a reduced assessment of danger to the community. Since danger to the community drove the 30-year sentence, it makes sense to reduce it for rehabilitation only if rehabilitation has in some measure mitigated that danger. It surely would have made little sense to reduce it solely because (as the district judge observed) Sawyer performed admirably in his prison coursework. Being prison valedictorian does not logically bear on one's propensity to produce child pornography.
So I think it clear that the new sentence would have been deemed compliant with our mandate if the district judge had spoken other words to justify the reduction. I decline to remand (to this judge or another one) in order to script other reasons for doing what was in fact ordered. This remand is provoked by the judge's candor and transparency rather than by her ruling itself. It all comes down to who is charged with making the ultimate sentencing decision. And since no one knows what this defendant will be like in a decade or two, it comes down to who is assigned the power to err.
3. In decrying the 25-year sentence, the majority opinion observes (fairly) that this case is not the most heinous or egregious on record. At the same time, however, this is not a case such as United States v. Dorvee , 616 F.3d 174 (2d Cir. 2010), or United States v. Brown , 843 F.3d 74 (2d Cir. 2016), in which decades of imprisonment were imposed solely for looking at images created by others, and in which any harm to a child was inflicted at one or more removes. This defendant was hands-on.[1] He produced the pornography, and he used a 4-year-old and a 6-year-old to do it. For these acts, a 25-year sentence is not a shocking departure from sentences routinely imposed in federal courts for comparable offenses[2] -especially considering *566 that the mandatory minimum is fifteen. The sentence is barbaric without being all that unusual.
That said, I ultimately agree with the majority opinion that sentencing in this case would benefit from further review and consideration. For one thing, no account has been taken that danger to the community is mitigated by lifetime supervised release, and by the restraints imposed by sex-offender registration. Although I cannot regret this remand to push for a further reduction, the only question on this appeal is whether our mandate was executed. It was doubted, but it was done.
* * *
The district judge expressly acknowledged that any further remand should best go to another judge. And a reassignment lies within our discretion. But it bears observing that the district judge approached the remand with seriousness and with respect for this Court's directives. She wrestled with the problem, and did all that she could do in good conscience.
The majority opinion does not provide that this case will return to this panel after the second remand-which is just as well.

The majority opinion treats the offense with bland understatement. Thus, Sawyer is said to have had no sexual contact with any children "beyond the touching of the inner thigh." Op. at 562. And Sawyer's abuse is characterized as "touching [the children] in the process" of taking photographs, Op. at 561, as if it were unavoidable.

Sentences of 25 years or more are regularly upheld for defendants involved in the production (as opposed to mere possession) of child pornography. See, e.g. , United States v. Smith , 697 F. App'x 31 (2d Cir. 2017) (summary order) (affirming sentence as substantively reasonable and distinguishing activities involved in a production offense from Dorvee ); United States v. Rafferty , 529 F. App'x 10, 13 (2d Cir. 2013) (summary order) (upholding 60-year sentence for production of child pornography); United States v. Ketcham , 507 F. App'x 42 (2d Cir. 2013) (same); United States v. Levy , 385 F. App'x 20, (2d Cir. 2010) (summary order) (upholding 30-year sentence for production of three images of one child).