22-1071-cr
*United States v. Lopez*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31ˢᵗ day of October two thousand twenty-three.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> JOSÉ A. CABRANES,
> RICHARD J. SULLIVAN,
> *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                22-1071-cr

ORLANDO LOPEZ,

> *Defendant-Appellant*.

_____

For Appellee:                     Kevin Trowel (Tanya Hajjar, John O. Enright, *on the briefs*), Assistant United States Attorneys *on behalf of* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY.

For Defendant-Appellant:     Colleen P. Cassidy, Assistant Federal Public Defender, New York, NY.

1

Appeal from a final judgment of the United States District Court for the Eastern District of New York (Komitee, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on May 6, 2022, is **AFFIRMED**.

Lopez pleaded guilty to nine counts of sexual exploitation of a child in violation of 18 U.S.C. § 2251(a), (e), and one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B), (b)(2). The district court sentenced him on April 8, 2022 to 55 years of imprisonment. The United States Probation Office's presentence report ("PSR"), which the district court adopted in its entirety, indicated that Lopez was awaiting sentencing in Queens County Supreme Court and that the "conduct underlying this local case is part of the instant [federal] offense." PSR ¶ 134. Nonetheless, neither the parties nor the district court discussed the application of the United States Sentencing Guideline § 5G1.3(c), which specifies that when a state term of imprisonment is anticipated, resulting from a state offense that is relevant conduct to the federal offense of conviction, the federal sentence "shall be imposed to run concurrently to the anticipated [state] term of imprisonment." Roughly one month after his federal sentence, Lopez was transferred to Queens County where he was sentenced to 19 years' imprisonment for violating one count of Course of Sexual Conduct Against a Child in the First Degree in violation of N.Y. Penal Law § 130.75-1(a). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\* \* \*

We review a district court's sentencing decisions under a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal citation omitted). This inquiry involves two steps: procedural review and substantive review. *United*

2

*States v. Irving*, 554 F.3d 64, 71 (2d Cir. 2009). In determining whether the district court's sentence was procedurally reasonable, we consider whether the court "committed . . . significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). A sentence is substantively unreasonable if it "cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (internal citation omitted).

Lopez first argues, and the government agrees, that the district court procedurally erred at sentencing by failing to consider § 5G1.3(c). Because Lopez raises the issue for the first time on appeal, we review for plain error. *See United States v. Wernick*, 691 F.3d 108, 113 (2d Cir. 2012). Under the plain-error standard, we have the discretion to correct an error not raised before the district court if there is "(1) [an] 'error,' (2) that is 'plain,' . . . (3) that 'affect[s] substantial rights,' [and] (4) [that] seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Johnson v. United States*, 520 U.S. 461, 467 (1997) (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)). We have previously held that district courts are obliged to consider § 5G1.3(c) even "where state charges are pending—but have not yet been the subject of a trial or a guilty plea—at the time of the federal sentencing." *United States v. Olmeda*, 894 F.3d 89, 93–94 (2d Cir. 2018).[1] But even assuming that the district court's failure to consider § 5G1.3(c) was "an error" that was "plain," we cannot say that it affected Lopez's substantial rights.

---

[1] In fairness to the district court, at the time of Lopez's federal sentencing, he had withdrawn his state guilty plea, leaving some question as to whether the state case would go forward once the state prosecutor learned that the sixty-six-year-old Lopez had received a fifty-five-year federal sentence.

As Lopez himself acknowledges, his federal sentence is effectively a life sentence, irrespective of whether served concurrently or consecutively with his sentence in New York State. In such circumstances, it is difficult to see how the § 5G1.3(c) error could have affected Lopez's substantial rights.[2]

Lopez next argues that his sentence is substantively unreasonable because it is "far greater than Lopez's possible life span and *a fortiori* greater than necessary to comply with the statutory purposes of sentencing." Lopez Br. at 34. We disagree. As the government correctly notes, we have been unpersuaded by the argument that a sentence exceeding the life expectancy of a defendant is, for this reason, substantively unreasonable. To the contrary, we have ample caselaw affirming sentences that surpass a defendant's expected natural life. *See generally United States v. McGowan*, 615 F. App'x 1 (2d Cir. 2015) (summary order) (affirming 90-year sentence for conviction of three counts of sexual exploitation of children); *United States v. Valerio*, 765 F. App'x 562 (2d Cir. 2019) (summary order) (affirming 60-year sentence relating to sexual exploitation of minors and child pornography); *United States v. Brown*, 843 F.3d 74 (2d Cir. 2016) (affirming 60-year sentence for the production and possession of child pornography).

Here, the district court closely assessed the § 3553(a) factors and determined that they "compel[led]" a sentence that would "effectively be in the aggregate a life sentence regardless of

---

[2] Our decision today in no way prevents Lopez from asking the Bureau of Prisons to seek Judge Komitee's recommendations as to how the federal and state sentences should run. Indeed, district courts in this Circuit have routinely "recommended to the BOP, upon application by defendants, that it retroactively designate federal sentences to run concurrently with state sentences." *See, e.g.*, *United States v. Alvarez*, No. 09-CR-386 DAB, 2015 WL 1851658, at *3 (S.D.N.Y. Apr. 17, 2015); *United States v. Mulligan*, No. 08 Cr. 764 (NRB), 2014 WL 5768758, at *1–2 (S.D.N.Y. Nov. 4, 2014); *Martinez-Cisneros v. Hufford*, No. 13 Civ. 6888 (AT)(JCF), 2014 WL 3610797, at *1 (S.D.N.Y. July 18, 2014). Of course, the difference between a consecutive and concurrent sentence here would be largely theoretical, as it would only be felt by Lopez after he had served 55 years (minus any good-time credit), at which time he would be well over 110.

how long [Lopez] lives." App'x 173. The court carefully considered the nature, duration, and impact of Lopez's conduct on the lives of multiple underage children. The court noted that many of these children will suffer debilitating mental and emotional conditions for the rest of their lives, and that Lopez's possession of approximately 13,000 files of child pornography—some of which he produced and shared online—would have prolonged deleterious effects on both the children and their parents. We note that Lopez's total offense level was well above the 43-level threshold amounting to a life sentence. The resulting guidelines range was 280 years. App'x 91 n.1; App'x 138. Taking account of all these factors and, in particular, the defendant's grave conduct, we cannot but conclude that the district court's decision to sentence Lopez to 55 years' imprisonment can be located "within the range of permissible decisions." *See Cavera*, 550 F.3d at 189; *see also United States v. Portillo*, 981 F.3d 181, 184 (2d Cir. 2020) (upholding a 55-year sentence that was "unquestionably severe" because the offense was "especially heinous").

\* \* \*

We have considered Lopez's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5