12-2989-cr
*United States v. Rafferty*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of June, two thousand thirteen.

PRESENT:

GUIDO CALABRESI,
JOSÉ A. CABRANES,
ROBERT D. SACK,
             *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

            *Appellee,*

                    v.                                                    No. 12-2989-cr

RONALD RAFFERTY,

            *Defendant-Appellant.*

_____

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | Gene V. Primomo, Molly Corbett, *for* Lisa A. Peebles, Federal Public Defender, Office of the Federal Public Defender for the Northern District of New York, Albany, NY. |
| **FOR APPELLEE:** | Brenda K. Sannes, Elizabeth S. Riker, Richard D. Belliss, *for* Richard S. Hartunian, United States Attorney, United States Attorney's |

Office for the Northern District of New York, Syracuse, NY.

Appeal from a judgment of conviction of the United States District Court for the Northern District of New York (Gary L. Sharpe, *Chief Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's July 24, 2012 judgment is **AFFIRMED**.

On November 3, 2011, defendant-appellant Ronald Rafferty was charged with four counts of producing child pornography (Counts 1 to 4), in violation of 18 U.S.C. § 2251(a), and one count of possessing child pornography (Count 5), in violation of 18 U.S.C. § 2252A(a)(5)(B). The underlying conduct involved, *inter alia*, Rafferty videotaping a nine-year-old girl engaging in sexually explicit conduct, sometimes with an adult woman who suffers from a mental defect.

On November 30, 2011, after a three-day trial, a jury convicted Rafferty on all five counts. The Probation Office calculated Rafferty's total offense level to be 48, but because the highest offense level under the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") is 43, Rafferty's total offense level was 43 for sentencing purposes. This total offense level included the following enhancements: (1) a four-level enhancement because the minor involved was less than twelve years old (U.S.S.G. § 2G2.1(b)(1)), (2) a two-level enhancement because the offense involved the commission of a sexual act or sexual contact (U.S.S.G. § 2G2.1(b)(2)(A)), (3) a four-level enhancement because the videos portrayed sadistic or masochistic conduct (U.S.S.G. § 2G2.1(b)(4)), (4) a two-level enhancement because the minor was related to Rafferty (U.S.S.G § 2G2.1(b)(5)), and (5) a four-level enhancement because Rafferty was convicted of four separate counts of producing child pornography (U.S.S.G. § 3D1.4). Based on a total offense level of 43 and Rafferty's criminal history, his Guidelines sentence was 1,560 months.

On July 24, 2012, the District Court sentenced Rafferty to a total term of imprisonment of 720 months. We assume the parties' familiarity with the facts and procedural history of this case.

## DISCUSSION

On appeal, Rafferty contends that the District Court erred by (1) treating his four child pornography production counts as four distinct "groups" of conduct, instead of grouping them pursuant to U.S.S.G. § 3D1.2; and (2) finding that the conduct in the videos portrayed sadistic or masochistic conduct and warranted a four-level sentencing enhancement pursuant to U.S.S.G. § 2G2.1(b)(4). He also argues that his 720-month sentence was substantively unreasonable.

**A.**

"We review [a] sentencing court's interpretation of the Sentencing Guidelines *de novo*, but review its related findings of fact only for clear error." *United States v. Potes-Castillo*, 638 F.3d 106, 108 (2d Cir. 2011); *see also United States v. Gotti*, 459 F.3d 296, 349 (2d Cir. 2006).

We review criminal sentences for "unreasonableness," which "amounts to review for abuse of discretion." *United States v. Cavera*, 550 F.3d 180, 187 (2d Cir. 2008) (en banc) (quotation marks omitted); *see also In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (noting that a district court abuses its discretion if it "base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or render[s] a decision that cannot be located within the range of permissible decisions" (internal citations and quotation marks omitted)). "A district court errs substantively if its sentence 'cannot be located within the range of permissible decisions.'" *United States v. Chu*, 714 F.3d 742, 746 (2d Cir. 2013) (quoting *Cavera*, 550 F.3d at 189). "In the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Perez-Frias*, 636 F.3d 39, 43 (2d Cir. 2011) (internal quotation marks and bracket omitted).

**B.**

Generally speaking, Section 3D1.2 provides that "[a]ll counts involving substantially the same harm shall be grouped together into a single Group."[1] U.S.S.G. § 3D1.2. Rafferty argues that his four child pornography production counts should have been grouped pursuant to Section 3D1.2(b),[2] which explains that "counts involv[e] substantially the same harm" when they "involve same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan."[3] *Id.* § 3D1.2(b).

After reviewing *de novo* the District Court's legal determination not to "group" the four child pornography production counts, we conclude that the District Court did not err in this regard. Although the four videos at issue portrayed sexual conduct involving the same victim, there is no dispute that they were filmed on different days and occurred on "separate and distinct occasion[s]"

---

[1] Rafferty's production of child pornography counts are specifically excluded from being grouped under Subsection D of U.S.S.G § 3D1.2.

[2] The Pre-Sentence Report "grouped" Rafferty's offenses into four groups for sentencing purposes—one for each of the four production counts. The child pornography possession count (Count 5) was grouped with one of the production of child pornography counts (Count 1).

[3] Although Rafferty's brief refers to Subsection C of U.S.S.G § 3D1.2 at one point, *see* Rafferty's Br. 21, this reference appears to be erroneous, considering that the rest of his brief focuses solely on Subsection B. In any event, we agree with the government that Subsection C is inapplicable because the production counts at issue here do not "embod[y] conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts." U.S.S.G § 3D1.2(c).

from one another. App'x 14-17; *see id.* at 157 ("Each act, each video was a separate incident of . . . [the] production of child pornography and child abuse, and each act and each production constitutes a separate count of conviction which supports the grouping analysis Probation has conducted . . . ."). In these circumstances, we conclude that Rafferty's argument is foreclosed by our decision in *United States v. Vasquez*, 389 F.3d 65 (2d Cir. 2004), in which we held that "two episodes of sexual misconduct that society has legitimately criminalized occurring with the same person on different days are not 'substantially the same harm' for purposes of section 3D1.2." *Id.* at 77; *see* U.S.S.G. § 3D1.2 cmt. n.4 (noting that U.S.S.G. § 3D1.2(b) "does not authorize the grouping of offenses that cannot be considered to represent essentially one composite harm (*e.g.*, robbery of the same victim on different occasions involves multiple, separate instances of fear and risk of harm, not one composite harm)"); *see also United States v. Wise*, 447 F.3d 440, 446 (5th Cir. 2006) ("The district court here grouped the [child pornography] production counts that took place on the same day but refused to group those occurring on different days on the theory that each time was a separate harm to Doe. . . . Each photograph caused Doe to engage in a separate act of sexually explicit conduct, and the district court did not err in concluding that Doe suffered a separate harm with each occasion of production.").

Because we conclude that the District Court did not err in refusing to "group" the child pornography production counts, we need not consider Rafferty's argument that the District Court clearly erred by imposing a four-level sentencing enhancement for sadomasochistic conduct because any such error would be harmless. Indeed, because Rafferty's total offense level of 48 was five levels higher than the highest level on the sentencing chart, even if the District Court erred by imposing the four-level sadomasochistic conduct enhancement, his total offense level would remain 43 for sentencing purposes. *See United States v. Broxmeyer*, 699 F.3d 265, 288 (2d Cir. 2012).

## C.

Finally, Rafferty urges us to conclude that his below-Guidelines sentence is substantively unreasonable based largely on his general criticism that the Guidelines applicable to child pornography offenses provide for excessive penalties. Although we have expressed concern regarding the substantive reasonableness of sentences involving the *distribution* of child pornography, *see United States v. Dorvee*, 616 F.3d 174 (2d Cir. 2010), we have "never held that a district court is required to reject an applicable Guideline," *United States v. Salim*, 690 F.3d 115, 126 (2d Cir. 2012). Rafferty's *production* of child pornography, moreover, is distinguishable from the conduct in *Dorvee*, in that Rafferty caused a nine-year-old girl and an adult woman, who suffers from a mental defect, to engage in sexually explicit conduct with one another.

Based on our review of the record, we conclude that the District Court properly considered the 18 U.S.C. § 3553(a) factors, *see* App'x 166-70, and that Rafferty's below-Guidelines sentence falls within the "range of permissible decisions" available to the District Court, especially considering the

4

seriousness of his conduct, his criminal history, his refusal to accept responsibility for his actions, and the need for deterrence, *Cavera*, 550 F.3d at 189. Accordingly, Rafferty's sentence was not substantively unreasonable.

## CONCLUSION

We have considered all of Rafferty's arguments on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the District Court's July 24, 2012 judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5