15-2276-c
United States v. Sawyer

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 2nd day of December, two thousand sixteen.

Present:     DENNIS JACOBS,
             ROSEMARY S. POOLER,
                      *Circuit Judges*
             GEOFFREY W. CRAWFORD,[1]
                      *District Judge*.

_____

UNITED STATES OF AMERICA,

     *Appellee*,

     -v.-                                                    15-2276-c

JESSE SAWYER,

     *Defendant-Appellant*.

_____

Appearing for Appellant:     Bruce R. Bryan, Syracuse, NY.

Appearing for Appellee:      Michael D. Gadarian, Assistant United States Attorney (Lisa M. Fletcher, Assistant United States Attorney, *on the brief*), *for* Richard S. Hartunian, Jr., United States Attorney for the Northern District of New York, Syracuse, NY.

---

[1] Judge Geoffrey W. Crawford, United States District Court for the District of Vermont, sitting by designation.

Appeal from the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **VACATED** and **REMANDED**.

Defendant-appellant Jesse Sawyer appeals from the judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*), sentencing him to thirty years of imprisonment and a life term of supervised release. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review sentencing decisions for "reasonableness." *United States v. Cossey*, 632 F.3d 82, 86 (2d Cir. 2011). "Reasonableness review has both a procedural and a substantive component," *United States v. Irving*, 554 F.3d 64, 71 (2d Cir. 2009), and it is "akin to a 'deferential abuse-of-discretion standard,'" *Cossey*, 632 F.3d at 86 (quoting *Gall v. United States*, 552 U.S. 38, 52 (2007)). However, if defendant failed to raise an issue to the district court, then we review for plain error. *See United States v. Marcus*, 560 U.S. 258, 262 (2010).

## I.    Procedural Reasonableness

In reviewing for procedural reasonableness, we consider whether the district court "committed [a] significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [28 U.S.C.] §3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51.

Sawyer first argues that the district court erred by refusing to allow a psychologist to testify at his sentencing hearing. In particular, Sawyer sought testimony regarding whether the abuse he suffered as a child was causally linked to the instant offense; whether he would have committed the instant offense had he received counseling for his own childhood abuse; and whether he would likely re-offend if he received sex offender treatment while in prison. Since he raised this argument to the district court, we review the court's denial for abuse of discretion.

District courts enjoy wide latitude in determining the procedures necessary to resolve factual disputes at sentencing. *See United States v. Slevin*, 106 F.3d 1086, 1091 (2d Cir. 1996) ("Decisions as to what types of procedures are needed lie within the discretion of the sentencing court . . . ."). Here, the district court denied Sawyer's request for testimony because the psychologist had already submitted a written report to the court. The district court "read [the report] numerous times" and described it as "very thorough and very comprehensive." App'x at 153. The district court agreed with Sawyer that the report reflected a causal connection between Sawyer's abusive upbringing and his crime, and thus the court needed no further testimony on that issue. The court refused to hear testimony on whether Sawyer would have committed the instant offenses if he had received counseling as a child, reasonably concluding that such testimony would be highly speculative. Sawyer contends that the court failed to consider his request that the psychologist testify as to whether his likelihood of recidivism would change if

2

Sawyer received sex offender treatment in prison. However, the written report discussed Sawyer's risk of re-offense, and the district court reasonably concluded that additional testimony would be "cumulative." App'x at 134. In short, we find no abuse of discretion in the district court's decision to forgo the in-person testimony.

Second, Sawyer cites as procedural error the district court's failure to consider his contention that the relevant Guideline for sex offenders was not based on empirical evidence. Sawyer complains that, despite his criticisms of the Guidelines, the court allowed itself to be "influenced by" the Guidelines. Appellant's Br. at 35. We find no error in the district court's failure to address Sawyer's contention that the Guidelines should be given little weight because of their inadequate empirical support. "A reviewing court entertains 'a strong presumption that the sentencing judge has considered all arguments properly presented to her, unless the record clearly suggests otherwise.'" *Cossey*, 632 F.3d at 87 (quoting *United States v. Fernandez*, 443 F.3d 19, 29 (2d Cir. 2006)). Nothing in the record suggests the district court failed to consider Sawyer's argument, and so we presume that the district court did consider it.

Further, despite Sawyer's suggestion that the district court should have avoided any consideration of the Guidelines, "a sentencing court is statutorily obligated to give fair consideration to the Guidelines before imposing sentence." *United States v. Jones*, 531 F.3d 163, 170 (2d Cir. 2008).

## II. Substantive Reasonableness

"At the substantive stage of reasonableness review, an appellate court may consider whether a factor relied on by a sentencing court can bear the weight assigned to it." *United States v. Cavera*, 550 F.3d 180, 191 (2d Cir. 2008) (citing *Gall*, 552 U.S. at 50). "[W]e do not consider what weight we would ourselves have given a particular factor. Rather, we consider whether the factor, as explained by the district court, can bear the weight assigned it under the totality of circumstances in the case." *Id.* (internal citation omitted); *see also United States v. Dorvee*, 616 F.3d 174, 183 (noting that "substantive reasonableness review is not an opportunity for 'tinkering' with sentences we disagree with, and that we place 'great trust' in sentencing courts").

In *Dorvee*, we held that a 240-month sentence for distribution of child pornography was substantively unreasonable, based, in part, on our conclusion that the sentencing judge had "place[d] unreasonable weight on [a] sentencing factor." 616 F.3d at 183. We explained that the sentencing court had focused too heavily on the "need 'to protect the public from further crimes of the defendant'" despite a lack of "record evidence" that the defendant "was likely to actually sexually assault a child." *Id.* The *Dorvee* panel concluded that a twenty-year sentence for distributing child pornography could not be justified on grounds of public protection, as the Guidelines recommend more lenient sentences for defendants who commit offenses far more harmful to the public. In particular, we stated that "[a]n adult who intentionally seeks out and contacts a twelve year-old on the internet, convinces the child to meet and to cross state lines for the meeting, and then engages in repeated sex with the child, would qualify for . . . a Guidelines range of 151 to 188 months in prison." *Id.* at 187. Consequently, despite the sentencing court's

goal of "protect[ing] the public," that factor could not "bear the weight assigned to it." *Id.* at 183 (quoting *Cavera*, 550 F.3d at 191).

In this case, Sawyer pled guilty to two charges of production of child pornography, *see* 18 U.S.C. §2251(a), which consisted of taking between fifteen and twenty lewd photographs for his own viewing, and one charge of receipt of child pornography, *see* 18 U.S.C. §2252A(a)(2)(A) and §2256(8)(A), which consisted of Sawyer's viewing of 87 images from the internet on his cellphone. For these charges, the district court imposed a thirty-year sentence.[2]

As in *Dorvee*, a major factor driving Sawyer's sentence appears to have been the court's view that he "present[ed] a significant danger to the community." App'x at 165. Similar also to *Dorvee*, however, the district court here did not find that Sawyer engaged in sex with the victims or any other underage persons, or that there was specific evidence that he was likely to do so in the future.[3] The sentence imposed in this case thus cannot be justified by public protection, given that a defendant who repeatedly has sex with a child would face a far more lenient sentence. *Dorvee*, 616 F.3d at 187. A 30-year term of imprisonment is appropriate for extreme and heinous criminal behavior. *Cf. United States v. Irey*, 612 F.3d 1160 (11th Cir. 2010) (en banc) (determining that thirty-year sentence should be imposed on one-count indictment where defendant "raped, sodomized, and sexually tortured fifty or more little girls, some as young as four years of age, on many occasions over a four- or five-year period," and "scripted, cast, starred in, produced, and distributed worldwide some of the most graphic and disturbing child pornography that has ever turned up on the internet"). While the district court mentioned certain factors in Section 3553(a), none of them appear remotely sufficient to support imposing such a sentence on a person who shared no images with others, possessed fewer images than defendants in typical cases, and did not have sex with the victims or any other underage persons.

What is more, the district court clearly failed to give appropriate weight to a factor listed in Section 3553(a) that should have mitigated the sentence substantially: "the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The careful findings of the district court facilitate our review even though we ultimately conclude that the sentence itself was

_____

[2] The sentence of 30 years reflected 15-year sentences on each of the production counts, which ran consecutively, and a 5-year sentence on the receipt charge, which ran concurrently.

[3] The Presentence Report ("PSR") alleged, somewhat ambiguously, that Sawyer touched the victims' "vaginal area[s]" in the photographs presented to the court, PSR at 5, but Sawyer vehemently insisted that he had not ever touched the victims' vaginas.

Although the district court did state that it adopted the findings of the PSR, the court may not have seen any need to resolve the parties' dispute. A district court need not settle an objection to the PSR if "such a finding is unnecessary because the matter controverted will not be taken into account in sentencing." *United States v. Rosado-Ubiera*, 947 F.2d 644, 646 (2d Cir. 1991) (internal quotation marks omitted). The district court did not consider Sawyer's alleged touching of the victim's genitals at the sentencing, and the relevant guideline enhancement for "sexual contact" applies even if a defendant merely performs "the intentional touching . . . of the . . . inner thigh . . . to . . . arouse . . . the sexual desire of any person." 18 U.S.C. § 2246(3) (defining "sexual contact"); U.S.S.G. § 2G2.1(b)(2)(A) (applying two-level enhancement for "the commission of . . . sexual contact," defined based on the standard in 18 U.S.C. § 2246). Consequently, the district court may not have reviewed the images to resolve the question.

4

excessive. The district court recognized, quite clearly, the exceptional horrors of Sawyer's childhood, which were largely verified by government records. The court acknowledged that "[t]he abuse that was imposed upon [Sawyer] as a child goes beyond anything else that I have seen so far in my capacity as a federal judge." App'x at 163. Sawyer's childhood included exposure to drugs and alcohol before the age of 10, significant and repeated sexual abuse (including being sodomized) by close relatives and other persons in control of him, and being beaten by his father until he lost control of his bowels. The district court told Sawyer that, "to say that you had a horrid, nightmarish childhood would be an understatement," and "you were treated as less than plant life by those who were supposed to take care of you." App'x at 162. A psychologist reported, moreover, that Sawyer's unfortunate childhood gave him great difficulty in "experienc[ing] healthy and normalized relationships," App'x at 106, which the district court properly understood to mean that "Sawyer's childhood was a . . . producing cause of his activities as an adult as they relate to the victims." App'x at 153.

Particularly given Sawyer's scant criminal history (he was scored within the Criminal History Category of I), the deplorable conditions of his childhood should have militated in favor of a sentence less severe than the one imposed. We have held that "a downward departure may be warranted on the ground that 'extreme childhood abuse caused mental and emotional conditions that contributed to the defendant's commission of the offense.'" *United States v. Brady*, 417 F.3d 326, 333 (2d Cir. 2005) (quoting *United States v. Rivera*, 192 F.3d 81, 85 (2d Cir. 1999). We have also said, in reference to some cases, that child abuse may be so severe that it "obviously and unquestionably justifie[s] a departure, whatever the standard." *Id.* at 334. Sawyer's background, considered alongside expert testimony that it contributed to the commission of the offense, meets that standard; it justifies not just a departure from the Guidelines, but a significant one indeed.

In light of the district court's overreliance on Sawyer's danger to the community, and its failure to afford sufficient weight to Sawyer's history and personal characteristics, settled law dictates that the sentence be vacated on grounds of substantive unreasonableness. Accordingly, we **VACATE** defendant's sentence and **REMAND** this matter to the district court for imposition of a new sentence that comports with this opinion. From whatever final decision the district court makes, the jurisdiction of this Court to consider a subsequent appeal may be invoked by any party by notification to the clerk of this Court within ten days of the district court's decision, in which event the renewed appeal will be assigned to this panel. *See United States v. Jacobson*, 15 F.3d 19 (2d Cir. 1994).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5