23-6165
*United States v. Moussa*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of November, two thousand twenty-four.

PRESENT:

> AMALYA L. KEARSE,
> RICHARD J. SULLIVAN,
> BETH ROBINSON,
> *Circuit Judges.*

———————————————————————

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                No. 23-6165

SAEED MUSTAPHA MOUSSA,

> *Defendant-Appellant.*

———————————————————————

**For Defendant-Appellant:** James M. Branden, Law Office of James M. Branden, Staten Island, NY.

**For Appellee:** Nancy V. Gifford, Sandra S. Glover, Assistant United States Attorneys, *for* Vanessa Roberts Avery, United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Sarah A. L. Merriam, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the February 14, 2023 judgment of the district court is **AFFIRMED**.

Saeed Mustapha Moussa appeals from his sentence following his guilty plea to production of child pornography in violation of 18 U.S.C. § 2251(a). The district court sentenced Moussa to a term of 274 months' imprisonment – well below the 360-month sentence prescribed by the advisory United States Sentencing Guidelines – to be followed by a lifetime term of supervised release. On appeal, Moussa contends that his below-Guidelines sentence was substantively unreasonable. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review the substantive reasonableness of Moussa's sentence for abuse of discretion. *See United States v. Thavaraja*, 740 F.3d 253, 258 (2d Cir. 2014). A sentence is "substantively unreasonable only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions," such as where the sentence is "so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing [it] to stand would damage the administration of justice." *Id.* at 259 (internal quotation marks omitted). "[I]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances," though there is no "presumption, rebuttable or otherwise, that a Guidelines sentence is reasonable." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006).

The record reflects that the district court carefully applied each of the sentencing factors under 18 U.S.C. § 3553(a), specifically noting that "*all* of the purposes of a criminal sentence are important in this case." App'x at 378 (emphasis added). In addition, while under no obligation to do so, the district court considered a set of ten factors identified by Judge Stefan R. Underhill in his dissent in *United States v. Muzio*, 966 F.3d 61, 67–79 (2d Cir. 2020), which were

3

designed to guide courts in assessing the relative seriousness of child pornography production offenses.[1]

The district court gave due weight to Moussa's mitigating circumstances, as reflected in its imposition of a below-Guidelines sentence. Among other things, the court acknowledged Moussa's difficult upbringing in Ghana, his own history as a victim of childhood sexual abuse, and how his experience growing up in a community where the sexual abuse of children was widely tolerated may have shaped his views about the treatment of children. The court also credited his history of mental illness, even though the details of that illness were "unclear." App'x at 384. The court weighed his first-time offender status and emphasized that this was the rare case in which the child pornography in question was produced with no evidence of distribution. The district court also acknowledged that the time Moussa had already served in prison in connection with his parallel state conviction for sexual assault had been particularly harsh as a result of the conditions that accompanied the COVID-19 pandemic and on account of his sex-

---

[1] Those ten factors are: (1) whether "the defendant engage[d] in violence"; (2) "the nature of the sexual contact involved"; (3) "[h]ow [ ] the pornography [was] produced"; (4) "the extent of the distribution or use of the images"; (5) whether "the defendant engage[d] in deceit or trickery"; (6) "[h]ow many films or images [ ] the defendant create[d]"; (7) "[t]he age" of the victim; (8) "[t]he number of victims"; (9) the "relationship/responsibility [that] the defendant ha[d] vis-à-vis the victim"; and (10) "the intellectual capacity of the victim." *Muzio*, 966 F.3d at 78.

4

offender status, which had resulted in him being assaulted twice while in prison. The court specifically reduced Moussa's sentence by 24 months to account for that time in state custody, and by another two months in anticipation of the time Moussa will likely spend in immigration custody while awaiting deportation after his release from federal prison.

Nonetheless, the district court concluded that the aggravating factors weighed against a greater downward variance. In particular, the court noted that Moussa's production of child pornography involved deceiving the family who had entrusted their then six-year-old child into his care for approximately two years. The court also remarked upon the seriousness of the offense, which involved the video recording of repeated acts of sexual abuse of the young child, including oral and vaginal penetration, at times in front of the victim's other young siblings. And after considering Moussa's remarks at his sentencing, the district court expressed grave concern as to whether Moussa had "fully absorbed just how wrong his actions were." *Id.*

Moussa does not identify a single case where a defendant received a lower sentence for similar conduct – let alone a collection of sentences that would render Moussa's sentence "shockingly high." *Thavaraja*, 740 F.3d at 259 (internal

quotation marks omitted). In contrast, we have acknowledged that "[c]hild pornography production offenses are extremely serious and ordinarily warrant significantly harsher punishment than possession or even distribution offenses." *Muzio*, 966 F.3d at 65. We have also upheld a 25-year sentence as substantively reasonable when the defendant photographed two young girls' genitals and downloaded other images of child pornography from the internet, but did not forcibly sexually assault his victims. *See United States v. Sawyer*, 907 F.3d 121, 124– 25 (2d Cir. 2018); *see also United States v. Brown*, 843 F.3d 74, 92 (2d Cir. 2016) (Pooler, *J.*, dissenting) (noting that "[i]n 2010 . . . the average sentence for production of child pornography was 267.1 months," without regard for whether the child pornography depicted the defendant's own sexual abuse). Obviously, the sexual abuse perpetrated here puts Moussa in a different, far more serious category than defendants who did not forcibly sexually assault their victims.

Contrary to Moussa's arguments on appeal, there is nothing in the record to suggest that the district court misapprehended "the broad discretion [it] possess[ed]" under *United States v. Dorvee*, 616 F.3d 174, 188 (2d Cir. 2010), to

fashion a below-Guidelines sentence.[2]  Nor can it be argued that the district court was unaware of the potential for the applicable enhancements under the Sentencing Guidelines to "result in Guidelines [ranges] near or exceeding the statutory maximum" that could, in some cases, be considered substantively unreasonable.  *Id.* at 186.  In fact, the district court expressly considered the potential "overlap" between the offense-level enhancements it had applied, App'x at 381, and made clear that the sentence it imposed was not driven by the Sentencing Guidelines, *id.* at 382–83.  Instead, the district court concluded that "an effective sentence of 25 years" – "minus two years that [Moussa] spent in state custody and minus two months for immigration custody expected to be served in the future, with credit for time served" – was sufficient but not greater than necessary to meet the objectives of sentencing.  *Id.* at 388.  Based on the record before us, we cannot say that this sentence was substantively unreasonable.

*     *     *

---

[2] Although this argument more closely resembles an assertion of procedural unreasonableness, Moussa expressly disclaims any procedural challenge to the district court's application of the various enhancements.   But whether characterized as a procedural or substantive error, we find the argument to be without merit.

We have considered Moussa's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court